Pearson, J.
 

 This was an action for board furnished to one Clark. To make out his case the plaintiff called said Clark as a witness. The defendant objected,but his testimony was admitted. He swore, that a copartnership was entered into by the defendant and himself to carry on the tin business, in the town of Newberne : that he applied to the plaintiff to furnish him with board and agreed to pay for it in the ñame of the firm: that board was furnished accordingly and was charged to the firm by the plaintiff.
 

 
 *131
 
 He swore farther, that his reason, for contracting in the name of the firm (and he so stated to the plaintiff) was' because it was one of the articles of the copartnership, that his board should be paid for by the firm: that it was not set out in the written articles executed by the defendant and himself, but it was expressly agreed upon, when the copartnership was formed, and he insisted that it should be inserted, but upon the defendant’s saying, “their word was as good as their bond,” he consented to execute the articles without having it inserted. Clark was the only witness.
 

 The defendant excepts, because of the reception of his testimony. We think the exception is well founded. It is an abuse of power for one member to attempt to bind the firm for the payment of his private debts, whether it be an antecedent debt, or one about to be contracted, for his board, or clothes, or any other personal expenditure. The mere fact, that he asserts at the time, that he is al„ lowed by the firm to do so, can make no difference, for the act of doing it amounted to such an assertion in every case.
 
 Cotton
 
 v.
 
 Evans,
 
 1 Dev. & Bat. Eq. 284.
 
 Norment
 
 v.
 
 Johnson,
 
 10 Ire. 89.
 

 In order to bind the firm, it was necessary for the plaintiff to prove that Clark had the authority of his partners to bind the firm, for his private debt, or that they after-wards acquiesced in it.
 

 No acquiescence is alleged, nor is it alleged that Clark- had this authority, unless it was given to him by the original agreement creating the firm. So the only question is, was Clark a competent witness to prove that the original agreement gave him this authority
 
 1
 
 We hold he was not. From the existence of a firm the law implies that each of the members has certain powers, and, if the firm seeks to put any restriction upon these powers, the fact that such restriction is contained in the articles of copartnership, will not bind a third per
 
 *132
 
 son, unless it is also proven, that he had express notice of it.
 

 The question here is precisely the reverse. A third person seeks to add to these powers the authority of a member to bind the firm for his private debts — and 1 his, not by the written articles of copartnership, nor by the testimony of a third person, but by the oath of the debtor.
 

 If this was admissible, the firm would be entirely at the mercy oí each of its members ; for, each might pledge the firm for his private debts, and his oath would suffice to fix the liability. Such a position is inconsistent with the very existence of all copartnerships. The bare statement of it shows that it cannot be law.
 
 Willis
 
 v.
 
 Hill,
 
 2 Dev. & Bat 231.
 

 It is said, the debtor in such cases stands indifferent: for, if the plaintiff fails, the witness remains liable ; if he succeed, then, the defendants, after paying the debt, can recover the whole from the witness, unless the authority existed : and the record of the first suit could not be used in his favor. So, it is insisted, he has no interest in the result of the suit. The substance of it is, that a witness may, by his own oath, shift his debt upon the defendants, because the latter in an action for “money paid” can recover the whole back from the witness. This reason is very unsatisfactory, if we suppose such an action could be maintained. For it puts every one in the power of any debtor, who will take a false oath. But in this case the witness and the defendant are partners ; and, if. by the oath of the witness, his private debt is fixed upon the firm, the firm cannot maintain an action at law, for “money paid,” against him, to recover it back. The only relief of the firm would be in equity, and it is well settled that a Court of law can only regard legal rights and liabilities, and must not act upon the supposition that there is another forum, before which more complete justice can be obtained.
 

 
 *133
 
 The plaintiff’s counsel relied upon
 
 Cummins
 
 v.
 
 Coffin,
 
 7 Ire. 196, and
 
 Washing
 
 v.
 
 Wright,
 
 8 Ired. 1.
 

 In the former case, it is held, that when the fact to be proven is one that may be established by the
 
 admission
 
 of a partner, his statement upon oath is admissible
 
 y
 
 for the oath does not weaken the admission. The deposition offered by the plaintiff was treated as a meife
 
 statement
 
 upon oath ; for the deposition of the same witness, offered by the defendant, was rejected ; whereas, if the plaintiff had been permitted to use the deposition in the strict sense of its being the testimony of a witness called by him, the defendant would surely have been at liberty to continue the examination. But it is expressly put upon the footing of a mere written statement, on oath, of a fact which it was competent to establish by proof of a simple admis sion. So that case has no bearing.
 

 It is held in
 
 Washing
 
 v.
 
 Wright,
 
 which is based upon
 
 Blackett
 
 v.
 
 Weir,
 
 11 Eng. C. L. R. 257, that a member of a firm is competent to prove that the defendant is also a partner and liable for the debt. These cases proceed upon the reasoning insisted on by the plaintiff’s counsel in this case, and upon which we have already remarked.
 

 We are not willing to extend the principle farther than it has been carried by decided cases. This is an attempt to extend it greatly beyond that limit, and to put it in the power of every member of a firm to shift his private debts upon the firm, by simply swearing that he had authority to do so, and thus add to the powers implied by law. This consequence, so fatal to the existence of all copartnerships, has nothing to support it but the idea, that the defendants may have redress in equity, and we do not adopt it to the extent contended for.
 
 Bland
 
 v.
 
 Ansley, 5
 
 Bos. & Bull. 331.- v.
 
 Webb,
 
 1 Johns., are in point.
 

 There must be a
 
 venire de novo.
 

 Bus Curiam. Judgment reversed and
 
 venire de novo.