SOUTHERN DISTRIBUTING COMPANY v. H. T. CARRAWAY ET AL.

(Filed 8 April, 1925.)

**1. Estates—Entireties—Husband and Wife—Judgments—Execution.**

Execution against the lands of husband and wife, held by them in entireties, will not be issued under a consent judgment against them individually upon a debt due by one of them to the judgment creditor.

**2. Same—Consent Judgment—Individual Liability — Contracts—Courts.**

A consent judgment is the act of the parties entered of record with the sanction of the court; and where the wife and another have incurred an obligation, trading as a partnership, and a consent judgment has been entered against them as a partnership and individually, and also against her husband individually, who likewise consents as a party to the action, the use of the word "individually" excludes lands held by the husband and wife by entireties, and the same is not subject to be sold under the execution of the judgment.

VARSER, J., took no part in the decision of this case.

APPEAL by defendants, Henry T. Carraway and Willie G. Carraway, from *Midyette, J.,* at December Term, 1924, of GREENE.

Upon objections presented, there was an order directing a sale of lands held by the defendants, Henry T. Carraway and Willie G. Carra-

way, husband and wife, as tenants by the entirety, to satisfy the judgment rendered in this cause, from which the two defendants appeal, assigning said order as error.

*Martin & Sheppard and Eastwood D. Herbert for plaintiff.*
*George M. Lindsay for defendants.*

STACY, C. J.   Following a compromise between the parties, a consent judgment was entered in this cause against "Emma R. Carraway and Willie G. Carraway, trading as East Carolina Supply Company, and Emma R. Carraway, Henry T. Carraway, and Willie G. Carraway, individually," for $7,894.59, with interest and costs.

The defendants, Henry T. Carraway and Willie G. Carraway, are husband and wife; they own a tract of land as tenants by the entirety. The sheriff has been directed to sell said property.   The appeal presents the question as to whether this particular tract of land may be sold under an execution to satisfy the judgment rendered herein.   We think not.   *Johnson v. Leavitt,* 188 N. C., 682; *Davis v. Bass,* 188 N. C., 200.

It will be observed that, so far as Henry T. Carraway and Willie G. Carraway, husband and wife, are concerned, the judgment is rendered against them individually, or separately, and not jointly, as upon a joint obligation.   It is specifically designated in the judgment that it is entered against these defendants "individually."   Their liability is not joint and several, as was the case in *Martin v. Lewis,* 187 N. C., 473, *Frey v. McGaw,* 127 Md., 23, and *Ades v. Caplin,* 132 Md., 66.

It is evident from the record that the judgment, which was entered by consent and as a compromise between the parties, was based upon an indebtedness of the partnership, composed of Emma R. Carraway and Willie G. Carraway, and for the payment of which, it would seem, Henry T. Carraway was only secondarily liable.

It was no doubt the purpose of the defendants to exclude the property, held by them as tenants by the entirety, from execution under this judgment, for they consented that same might be entered against them individually and not otherwise.   It is the law with us that lands held by husband and wife as tenants by the entirety are not subject to levy under execution on a judgment rendered against either the husband or the wife individually, nor can the interest of either be thus sold.   *Hood v. Mercer,* 150 N. C., 699.   "The unity of the husband and wife as one person, and the ownership of the estate of that person prevent the disposition of it otherwise than jointly."   *Merrimon, C. J.,* in *Bruce v. Nicholson,* 109 N. C., 204, quoted with approval in *Ray v. Long,* 132

N. C., p. 896, and other later cases. "It requires the coöperation of both to dispose of it effectually." *Bank v. McEwen,* 160 N. C., p. 419.

The present judgment is against each individually, or separately, and, for purposes of lien and execution, it is tantamount to a personal and separate judgment against each defendant, so far as Henry T. Carraway and his wife are concerned. In *Hupfel's Sons v. Getty,* 299 Fed., 939, two separate judgments were entered, at the same term of court, against Bernard Lucke and Marie Lucke, husband and wife, on an indebtedness for the payment of which the husband's liability was original and the wife's secondary, and it was held that their entirety estate was not subject to be taken under an execution issued on either judgment.

"Individually" means separately and personally, as distinguished from jointly or officially, and as opposed to collective or associate action or common interests. Century Dictionary. *Oil Co. v. Bank,* 255 S. W. (Tex.), 219. Suppose a judgment were rendered against John Doe and Richard Roe individually, this would not be a judgment against them as members of the partnership firm of "Doe & Roe," nor would it be a lien upon the property belonging to such copartnership in the absence of a statute making it so. *Willis v. Hill,* 19 N. C., 231; *Street v. Meadows,* 33 N. C., 130; *Chemical Co. v. Walston,* 187 N. C., 817.

Where lands are conveyed to husband and wife, to be held by them individually, they would take the same by moieties, as tenants in common, and not by the entirety. *Davis v. Bass, supra.* Hence, a judgment rendered against husband and wife individually or separately should not be held as a joint obligation, rendering an estate held by them as tenants by the entirety liable therefor. *Johnson v. Leavitt, supra.*

In the instant case it can hardly be said the defendants have acted "jointly" in allowing the present consent judgment to be entered against them, so as to affect their entirety estate, for it is expressly stipulated, as a part of the compromise between the parties that the judgment is to be rendered against "Emma R. Carraway and Willie G. Carraway, trading as East Carolina Supply Company, and Emma R. Carraway and Henry T. Carraway and Willie G. Carraway, individually," and it was so rendered. *Expressio unius est exclusio alterius. Dunlap v. Hill,* 145 N. C., p. 316. Nor can it be said that the word "individually" was used simply to include the personal liability of the defendants, as distinguished from the partnership liability of Emma R. Carraway and Willie G. Carraway, trading as the East Carolina Supply Company. It is not so nominated in the judgment, but, as written, it applies equally among the individual defendants as well as between the members of the partnership firm, as such, and the defendants in their individual capacity. *Bank v. McEwen, supra.*

The judgment before us, being a "consent judgment," is to be construed as if the parties had entered into a written contract, duly signed and delivered, embodying therein the terms of said judgment. *Bunn v. Braswell,* 139 N. C., 135. It stands as the agreement of the parties, made a matter of record at their request, and with the permission and approval of the court. Speaking to the question in *Wilcox .v. Wilcox,* 36 N. C., 36, *Gaston, J.,* says a consent judgment "is in truth the decree of the parties"; and *Dillard, J.,* in *Edney v. Edney,* 81 N. C., 1, defines it as follows: "A decree by consent is the decree of the parties, put on file with the sanction and permission of the court; and, in such decree, the parties, acting for themselves, may provide as to them seems best concerning the subject-matter of the litigation." *Vaughan v. Gooch,* 92 N. C., 524. "Consent judgments are in effect merely contracts of the parties, acknowledged in open court and ordered to be recorded"—*Clark, C. J.,* in *Bank v. Comrs.,* 119 N. C., p. 226. "A judgment by consent is not the judgment or decree of the court. It is the agreement of the parties, their decree, entered upon the record with the sanction of the court. It is the act of the parties rather than that of the court"—*Brown, J.,* in *Belcher v. Cobb,* 169 N. C., p. 694. See, also, *Harrison v. Dill,* 169 N. C., 545; *Lynch v. Loftin,* 153 N. C., 270; *Henry v. Hilliard,* 120 N. C., 479; 15 R. C. L., 645.

The execution should be withheld in so far as it undertakes to subject the entirety estate of Henry T. Carraway and Willie G. Carraway to the satisfaction of the present judgment.

Error.

VARSER, J., took no part in the decision of this case.