RUE *v.* HAINES

[No. 348, September Term, 1961.]

---

*Decided July 6, 1962.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, PRESCOTT and SYBERT, JJ.

*Ralph R. Sachs* for the appellant.

Submitted on brief by *William H. McCullough* and *Mc-Cullough & Pace* for the appellee.

PRESCOTT, J., delivered the opinion of the Court.

Suit was originally filed against the appellee and others, asking the court to enjoin certain of the parties from transferring any of their property. Thereafter, the appellant requested, and was granted, leave to intervene as a party plaintiff. The defendants answered, and the suit was heard on its merits. The chancellor found in favor of the defendants on

all issues. Appellant appeals only as to one defendant, the appellee.

The sole question to be determined is whether the interest, if any, that the appellee and his wife have in a parcel of real estate is held by them as tenants by the entirety.

There is little dispute as to the facts. It was agreed that prior to the institution of suit that the parcel of real property in question had been owned by the appellee and his wife as tenants by entireties, and had been conveyed by deed by them to Robert Bradshaw and wife. This transaction was not a purchase by the Bradshaws; it was made for the purpose of the Bradshaws', who were better credit risks than appellee and his wife, procuring a mortgage loan thereon for the benefit of said appellee and his wife. Appellee and his wife had a verbal agreement with the Bradshaws that the Bradshaws would subsequently reconvey the property to them as tenants by the entirety. The Bradshaws placed a $12,000 mortgage thereon and turned the proceeds over to the appellee. At the time of trial, the amount due on the mortgage had been reduced to about $9,000. It was further agreed that the appellant had a judgment against the appellee, but not his wife. The chancellor found that the conveyance by the appellee and his wife to the Bradshaws was not in fraud of the rights of creditors, and there is nothing in the record to show that the finding is incorrect.

Upon the above facts, the appellant argues that the conveyance from appellee and wife was not an absolute one, but it destroyed and terminated the estate by the entirety and his judgment is a lien upon the husband's interest in the property. He, however, cites no authority for the proposition and his counsel frankly admits he has been unable to find any.

It is obvious that unless the appellee and his wife retained some interest in the parcel of land at the time of their deed to the Bradshaws, the appellant can obtain no relief, for he can only reach the interest of his judgment debtor. And, if they did retain some interest in the parcel, why would not any such interest continue to be held as tenants by entireties, when they had owned the fee by such a tenancy? The above

question places the appellant in an unpleasant and somewhat untenable position. He realizes and concedes that under the Maryland decisions he cannot have his judgment, which is against the husband alone, satisfied out of property owned as tenants by the entirety. Consequently he must assert two conflicting claims, namely that the deed to the Bradshaws terminated the tenancy by the entirety, but despite this fact the appellee and his wife retained an interest in the property.

We have no serious difficulty with the problem. In *Ellis v. Purnell,* 167 Md. 687, 176 A. 270, this Court quoted from 3 *Pomeroy, Equity Jurisprudence* (4th Ed.) § 1196, as follows:

> "The general doctrine is fully established, and certainly prevails in a great majority of states, that the grantor and his representatives are always allowed in equity to show, by parol evidence, that a deed absolute on its face was only intended to be a security for the payment of the debt, and thus to be a mortgage, although the parties deliberately and knowingly executed the instrument in its existing form, and without any allegations of fraud, mistake, or accident in its execution. As in the last preceding case, the sure test and essential requisite are the continued existence of a debt. If there is no indebtedness, the conveyance can not be a mortgage; if there is a debt existing, and the conveyance was intended to secure its payment, equity will regard and treat the absolute deed as a mortgage. The presumption, of course, arises that the instrument is what it purports on its face to be, an absolute conveyance of the land; to overcome this presumption, and to establish its character as a mortgage, the cases all agree that the evidence must be clear, unequivocal, and convincing, for otherwise the natural presumption will prevail."

See also *Thomas v. Klemm,* 185 Md. 136, 43 A. 2d 193, and the many Maryland cases cited in both of the above cases. In the instant case, the parties agree that the deed to the Bradshaws was intended to facilitate the obtention of a loan

of money and the property was intended to be, and is, a security for the payment of the debt. In other words, it is undisputed that the appellee and his wife did not intend to part with all of their interest and estate in the property; a fact known to, and concurred in by, the Bradshaws. No rights of intervening lienors or bona fide purchasers are involved. Under these circumstances, it is clear that the Bradshaws hold the parcel of ground as trustees for the appellee and his wife; and we hold that the interest they retained in the property is held by them as tenants by the entirety.[1] Had the appellee and his spouse, themselves, made a loan on the property, executed a mortgage to secure said loan, and the mortgage foreclosed, the surplus proceeds of sale would have been held by them as tenants by entireties. *Anderson v. Anderson,* 215 Md. 483, 138 A. 2d 880.

Finding no error, the

*Decree is affirmed, appellant to pay
the costs.*

---

1. It has been held that the interest of a husband and wife in land under a contract for the purchase of the land by them is an estate by the entirety. 2 Tiffany, Real Property (3rd Ed.) § 430; In re Berry (D.C. E.D. Mich.), 247 F. 700; Stevens v. Wakeman, 182 N. W. 73 (Mich.).