**In re Jonathan T. GINN, Mary M. Ginn, Debtors.**

**Bankruptcy No. 94–5–6798–SD.**

United States Bankruptcy Court, D. Maryland.

Sept. 20, 1995.

As Amended Oct. 2, 1995.

Paul M. Nussbaum, John F. Carlton, Whiteford, Taylor & Preston, L.L.P., Baltimore, Maryland, for Debtors.

Irving E. Walker, Linda V. Donhauser, Miles & Stockbridge, Baltimore, Maryland, for Talbot Bank of Easton.

Daniel E. McIntyre, Rebecca S. Beall, Alex. Brown & Sons, Inc., Baltimore, Maryland, for Alex. Brown & Sons, Inc.

*MEMORANDUM OPINION OVERRULING, IN PART, AND SUSTAINING, IN PART, OBJECTIONS TO DEBTOR'S CLAIM OF EXEMPTIONS*

E. STEPHEN DERBY, Bankruptcy Judge.

The principal issue for decision is whether the Debtors, who are husband and wife and filed a joint reorganization case, may exempt their tenancy by the entirety property from claims of individual creditors in the bankruptcy estate where there are joint creditors. This court finds that the Debtors' exemption rights under Maryland law are not altered by their bankruptcy proceeding. Under 11 U.S.C. § 522(b)(2)(B) and Maryland law, joint debtor spouses may exempt their equity in entireties property to the extent that their equity in the property exceeds the sum of all joint claims against both debtors.

## I.

*FACTS AND PRIOR PROCEEDINGS*

Debtors Jonathan Trumball Ginn and Mary Mathews Ginn filed a voluntary, joint petition for relief under Chapter 11 of the Bankruptcy Code pursuant to 11 U.S.C. § 302. As a joint petition by spouses, the case was deemed consolidated under Local Bankruptcy Rule 26. The petition was filed on October 21, 1994, with Debtors' schedules that included Schedule C—Property Claimed as Exempt. Debtors' initial Schedule C did not claim any joint property as exempt. No objections were filed to Debtors' initial claim of exemptions.

On February 2, 1995, Debtors filed an amended Schedule C in which Debtors claimed their residence and other joint property with an aggregate value of more than $2.9 million as exempt under "11 U.S.C. Section 522(b)(2)(B) and Maryland Common Law." In Maryland a transfer of property to a husband and wife creates a tenancy by the entirety, unless there is an expressed intention to create some other form of ownership, and property purchased with entirety money is likewise entirety property. *E.g., Beall v. Beall,* 291 Md. 224, 234, 434 A.2d 1015; *M. Lit, Inc. v. Berger,* 225 Md. 241, 248, 170 A.2d 303 (1961). There is no suggestion by the objectors that the property claimed as exempt by Debtors under 11 U.S.C. § 522(b)(2)(B) and Maryland common law is not property that Debtors own as tenants by the entirety.

The court sustained Talbot Bank of Easton's timely objection to Debtors' amended schedule of exemptions, and all exemptions claimed by Debtors were disallowed, "with leave to amend with service on all creditors." A debtor must notice an amendment to the debtor's claim of exempt property, Schedule C, to all creditors. Bankruptcy Rule 1009(a), which confirms a debtor's right to amend a schedule, requires that "[t]he debtor shall give notice of the amendment to the trustee *and to any entity affected thereby.*" (Emphasis supplied). Each creditor is an entity affected by an amendment to a debtor's schedule of property claimed as exempt, because exempt property is not available for distribution to creditors and because each creditor " ... may file objections to the list of property claimed as exempt within 30 days after ... the filing of any amendment to the list or supplemental schedules...." Bankr.Rule 4003(b).

On May 5, 1995, Debtors filed and served a Second Amended Schedule C on which they added the phrase "except as to creditors with claims against Debtors jointly" after those items they had claimed as exempt under Maryland common law. In addition, Debtors have included on their Schedule C an item described as "Trust created by grandfather

of Jonathan Ginn, from which the Debtor is in line to receive funds at some future date." The Talbot Bank of Easton, Maryland and Alex. Brown & Sons, Inc. each filed objections to Debtors' second amended claim of exemptions, and the Debtors filed responses thereto.

## II.

### DISCUSSION

#### A. Objection to Exemption of Debtors' tenancy by the entirety property.

■ Upon filing a petition for relief, a bankruptcy estate is created. The estate includes, *inter alia*, "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). The bankruptcy estate includes entireties property, even if only one spouse files. *In re Ford*, 3 B.R. 559, 571 (Bankr. D.Md.1980), aff'd sub nom. *Greenblatt v. Ford*, 638 F.2d 14 (4th Cir.1981). Certain property may then be exempted from the estate pursuant to 11 U.S.C. § 522(b). *Id.* at 571–576.

Maryland has opted out of the federal bankruptcy exemptions. 11 U.S.C. § 522(b)(1); Md.Cts. & Jud.Pro.Code Ann. § 11–504(g) (1995 Repl.Vol.). Through the mechanism of Bankruptcy Code § 522(b)(2), the Debtors must depend on nonbankruptcy law for their exemption of tenancy by the entirety property. 11 U.S.C. § 522(b)(2)(B). As applicable, § 522(b)(2)(B) provides:

(b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate ...

\* \* \* \* \* \*

(2)(B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant *to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.* (Emphasis supplied).

■ Because Maryland law is applicable, the impact of exemptions on creditors' claims in this case should mirror the treatment of tenancy by the entirety property in Maryland courts. This court acknowledges as a fundamental principle that a bankruptcy case should follow property rights under state law. As the U.S. Supreme Court stated in *Butner v. United States:*

Property interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding.

440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979).

Accordingly, the Fourth Circuit Court of Appeals in *Sumy v. Schlossberg*, 777 F.2d 921 (4th Cir.1985) applied Maryland law to a tenancy by the entirety embroiled in a bankruptcy proceeding, and it held that entireties property is not exempt in the bankruptcy estate of a single spouse "to the extent of joint claims". *Id.* In doing so, the appellate court explicitly set out Maryland's approach to entireties property and concluded that such property should be treated identically in a bankruptcy proceeding as under nonbankruptcy law. *Id.* at 928–9. See also *Reid v. Richardson*, 304 F.2d 351 (4th Cir.1962).

The filing of a bankruptcy case does not increase a creditor's substantive rights. "If a creditor has no rights against a debtor under applicable nonbankruptcy law, then State law should prevail unless there is an overriding Federal policy which ought to take precedence." *In re Cerreta*, 116 B.R. 402, 406 (Bankr.D.Vt.1990).

■ Maryland acknowledges the tenancy by the entirety in its traditional form. Originating from the common-law theory that a husband and wife are one person, tenants by the entirety can only exist between persons who are legally married. *Bruce v. Dyer*, 309 Md. 421, 427–8, 524 A.2d 777, 780–1 (1987); *Schilbach v. Schilbach*, 171 Md. 405, 407, 189 A. 432, 433 (1936). "Tenants by the entireties are, in the contemplation of the common law, which is the law of this State, but one person, and hence they take, not by moieties, but the entirety. They are each seized of the entirety, and the

survivor takes the whole." *Ades v. Caplan,* 132 Md. 66, 69, 103 A. 94, 95 (1918). In other words, entireties property is considered property of the marriage, not the halves of the two individuals. *Bruce v. Dyer,* 309 Md. at 428, 524 A.2d at 781. Accordingly, a tenancy by the entirety cannot be severed or divided into two interests by the act of one spouse, although it may be destroyed or terminated by the joint act of both husband and wife. *Id.; Arbesman v. Winer,* 298 Md. 282, 291, 468 A.2d 633, 637 (1983) ("This Court has repeatedly held that when property is owned by the entireties neither husband nor wife, acting alone, can encumber or dispose of any part of the estate", citing *Routzahn v. Cromer,* 220 Md. 65, 150 A.2d 912 (1959)). An individual debtor, therefore, may exempt entireties property from claims of individual creditors. *Caplan,* 132 Md. at 69, 103 A. at 95; *State v. Friedman,* 283 Md. 701, 705–6, 393 A.2d 1356, 1359 (1978). The same is true in bankruptcy. *In re Ford,* 3 B.R. 559, 575–6 (Bankr.D.Md.1980), aff'd sub nom. *Greenblatt v. Ford,* 638 F.2d 14 (4th Cir.1981). On the other hand, if both spouses acting together burden tenancy by the entirety property, the debtors may not exempt it under Maryland law as to joint creditors. *Friedman,* 283 Md. at 706, 393 A.2d at 1359; *Frey v. McGaw,* 127 Md. 23, 95 A. 960 (1915). Once again, the same result should prevail in a bankruptcy case. *Sumy,* 777 F.2d 921; *Ragsdale v. Genesco, Inc.,* 674 F.2d 277 (4th Cir.1981).

The Court of Appeals in *Sumy* was not required to address the issue of what happens to the proceeds of an entireties property once it is sold by a trustee pursuant to 11 U.S.C. § 363. Consequently, this question requires examination.

Section 363(h) allows a trustee to sell "both the estate's interest ... and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety." 11 U.S.C. § 363(h). Without § 363(h), the bankruptcy trustee or debtor-in-possession could have a right to a debtor's interest in jointly held property, but no way of realizing the value of that right. See 11 U.S.C. § 1107(a). Section 363(h) solves this

problem by allowing the trustee to liquidate jointly held property.

Section 363(j) addresses distribution of the sale proceeds. As applicable, it provides:

> After a sale of property to which subsection (g) or (h) of this section applies, the trustee shall distribute to the debtor's spouse or the co-owners of such property, as the case may be, and to the estate, the proceeds of such sale, less the costs and expenses, not including any compensation of the trustee, of such sale, according to interests of such spouse or co-owners, and of the estate.

11 U.S.C. § 363(j).

What is to be distributed to the nondebtor pursuant to § 363(j) is not clear in all circumstances. The issue remains whether a trustee's sale transforms the nature of a tenancy by the entirety.

 A credible argument can be made that a trustee's sale of entireties property for the benefit of joint creditors pursuant to § 363(h) destroys the tenancy by the entirety and creates a tenancy in common between the spouses. See *In re Anderson,* 132 B.R. 657, 660 (Bankr.M.D.Fla.1991). As a tenancy in common, the argument would be that the proceeds remaining after satisfying joint creditors are no longer subject to the entireties exemption and should be paid to the individual debtor's estates pursuant to § 363(j) to satisfy each estate's individual unsecured creditors. *Id.* See also *In re Wenande,* 107 B.R. 770, 774–5 (Bankr. D.Wyo.1989). This rationale is flawed, however, because it catapults a procedural vehicle in 11 U.S.C. § 363(h) that is designed to allow a trustee to realize upon the value of a joint property interest, into a substantive right that would give creditors of only one spouse a right against entireties property that did not exist outside bankruptcy.

The reasoning in *Anderson* and *Wenande* conflicts with the *Butner* principle that non-bankruptcy law should apply the same inside as outside of a bankruptcy case, and it must be rejected. See *In re Cochrane,* 178 B.R. 1011, 1021 (Bankr.D.Minn.1995) ("Ultimately, however, this issue is one of the construction of the basic state law in the context of bank-

ruptcy estate administration, and this Court is bound by direct precedence."). Under § 363(h), the trustee may sell "both the estate's interest ... and the interest of any co-owner in the property in which the debtor had, *at the time of the commencement of the case,* an undivided interest as a tenant in common, joint tenant, or tenant by the entirety." (Emphasis added). At the commencement of this case, Debtors were tenants by the entirety in substantial property, as opposed to joint tenants or tenants in common. See *In re Sefren,* 41 B.R. 747, 748 (Bankr.D.Md.1984); *In re Sivley,* 14 B.R. 905, 907 (Bankr.E.D.Tenn.1981). Under Maryland law, proceeds from the sale of entireties property are "likewise owned by the parties as tenants by the entireties." *Anderson v. Anderson,* 215 Md. 483, 489, 138 A.2d 880, 884 (1957). See also *State v. One 1984 Toyota Truck,* 311 Md. 171, 188, 533 A.2d 659, 667 (1987); *Rue v. Haines,* 229 Md. 268, 272, 182 A.2d 872 (1961); *Brell v. Brell,* 143 Md. 443, 122 A. 635 (1923).

■ A trustee or debtor in possession has the right to sell a debtors' tenancy by the entirety property for the benefit of the joint creditors pursuant to § 363(h). *Sumy v. Schlossberg,* 777 F.2d at 929. Section 363(j) states that the trustee shall distribute the proceeds of such a sale "according to the interests of such [non-debtor] spouse or co-owners, and of the estate." 11 U.S.C. § 363(j). The fact that § 363(j) seemingly splits the spouses' interests in this way is unfortunate. By definition, in Maryland a tenancy by the entirety is property of the marriage, not the halves of the two individuals. *Bruce v. Dyer,* 309 Md. at 428, 524 A.2d at 781. Entireties property cannot theoretically be divided in accordance with § 363(j). It is not the court's role, however, to redraft legislation. To satisfy the essence of § 363(j), while obeying the principles of *Butner* and *Sumy,* the court must reconcile the legal fiction of tenancy by the entirety with § 363(j). If a sale of Debtors' entireties property were to occur, the trustee should distribute the proceeds to the joint creditors, but any remaining equity would be retained by Debtors as entireties property. Accordingly, since the remaining proceeds will be held by the Debtors as tenants by the entire-

ty, such proceeds may be exempted from the bankruptcy estate. 777 F.2d at 929.

■ One further issue remains. Since neither § 726 nor § 501 of the Bankruptcy Code distinguishes between joint and individual claims, it may be argued there is no statutory authority for distribution to two separate classes of unsecured creditors. Kalevitch, *Some Thoughts on Entireties in Bankruptcy,* 60 Am.Bankr.L.J. 141, 147–9 (1986). As the court in *In re Oberlies,* 94 B.R. 916 (Bankr.E.D.Mich.1988) explains, this problem is a red herring. The rights of the creditors are determined at the time of the commencement of the case. *Id.* 918–9. Joint creditors may proceed against entireties property, individual creditors cannot. *Id.* at 920. "Since joint creditors could collect from such property, bankruptcy laws ought not to be interpreted to dilute that substantive right by making it subject to *pro rata* distribution with others who lack such rights outside of bankruptcy." *Id.* Further, property is not part of the bankruptcy estate and eligible for distribution to creditors to the extent it is exempt.

Since under Maryland law entireties property may be exempted from claims of individual creditors, but not joint creditors, the court holds that the Debtors may exempt their equity in entireties property under 11 U.S.C. § 522(b)(2)(B) to the extent that their equity in the property exceeds the total sum of all joint claims against both Debtors. The court in *Sumy* stated that under Maryland law "a debtor does not lose all benefit of § 522(b)(2)(B) when joint creditors are present, but he does not benefit from it to the extent of joint claims." 777 F.2d at 929. Debtors' Second Amended Schedule C limits Debtors' exemption claim satisfactorily by excluding "creditors with claims against Debtors jointly." Therefore, this objection will be overruled.

### B. Objection that Debtors may not keep property.

■ The objection that Debtors should be required to relinquish their property in bankruptcy and not allowed to keep it when they have not proposed in their Chapter 11

plan to pay all their creditors in full is in essence an objection to confirmation of the plan, rather than an objection to the claimed exemptions. It is not a requirement for confirmation of a Chapter 11 reorganization plan that individual debtors waive their exemptions. Therefore, this objection will also be overruled.

### C. Objection to Debtors' proposed trust exemption.

 Talbot Bank further asserts that debtor Jonathan Ginn cannot exempt the trust under § 11–504 of Maryland's Courts and Judicial Proceedings Code because Debtors have already exceeded the dollar amount they may exempt under § 11–504 and because the description of the trust does not include information sufficient for a creditor to determine the validity or extent of the trust of which Jonathan Ginn is a beneficiary. The court agrees. Maryland has opted not to permit individual debtors to elect the federal exemptions in 11 U.S.C. § 522(d) in bankruptcy cases. 11 U.S.C. § 522(b); Md. Cts. & Jud.Pro.Code Ann. § 11–504(g) (1995 Repl.Vol.). Therefore, Maryland exemptions apply.

Except for certain pension trusts qualified under the Internal Revenue Code, there is no statutory provision in Md.Cts. & Jud.Pro. Code Ann. § 11–504 that would exempt funds distributed from a trust. Further, Debtors have not asserted that the referenced trust is a qualified pension trust, nor have they claimed debtor Jonathan Ginn's interest is excluded from property of the estate under 11 U.S.C. § 541(c)(2) as a trust interest restricted by a spendthrift provision under Maryland law. The exemption of this trust that has been claimed by Debtors, therefore, will be disallowed, with leave to amend.