In re Gary A. KAVENEY, Debtor.

RUSSELL, JARVIS, ESTABROOK & DASHIELL, Appellants,

v.

Gary S. KAVENEY and Frank La Bella, Jr., Trustee, Appellees.

In re Margaret N. KAVENEY, Debtor.

RUSSELL, JARVIS, ESTABROOK & DASHIELL, Appellants

v.

Margaret KAVENEY and Frank La Bella, Jr., Trustee, Appellees.

BAP Nos. EC 85–1040 EAsM, EC 85–1061 EAsM.
Bankruptcy Nos. 280–02861–D–7, 281–04257–D–11.
Motion No. CDM–1.

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued Sept. 20, 1985.

Decided Dec. 12, 1985.

Russell, Jarvis, Estabrook & Dashiell, Stephen A. Koonce, Sacramento, Cal., for appellants.

Boyden, Cooluris, Hauser & Saxe, Dennis Hauser, Sacramento, Cal., for appellees.

Before ELLIOTT, ASHLAND and MEYERS, Bankruptcy Judges.

ELLIOTT, Bankruptcy Judge:

Appellant, the law firm of Russell, Jarvis, Estabrook & Dashiell, serves as counsel for the trustee in the Chapter 11 bankruptcy case of Sunset Whitney Country Club Associates ("Sunset Whitney"), a limited partnership. After performing various legal duties appellant filed a fee application for $71,643.32 in the bankruptcy cases of Sunset Whitney, Gary Kaveney and Margaret Kaveney. Gary Kaveney is Sunset Whitney's sole general partner. Margaret Kaveney is Gary's wife.

The bankruptcy court granted the request for interim compensation in the Sunset Whitney case, but noted "that the present liquid assets of this estate are like Mother Hubbard's cupboard." That is to say, bare.

The impecunious state of the Sunset Whitney case was apparently the motivation for appellant's request for interim compensation in the Kaveney cases. The request in both cases hinged on § 723 [1]. The claim against Margaret Kaveney rested on the additional argument that Gary Kaveney's partnership interest in Sunset Whitney was community property.

The bankruptcy court denied the applications in the Kaveney cases. It ruled, in the Gary Kaveney case, that "11 U.S.C. section 723, subdivisions (a) and (c) do not allow the trustee of a limited partnership to recover administrative expenses from the estate of the general partner who is also a debtor under the Code. 11 U.S.C. Section 723(c) refers to 'claims of creditors', which are distinct from administrative expenses." The order in the Margaret Kaveney case merely substitutes "spouse of the general partner" for "general partner." The denial of appellant's application for compensation in the Kaveney bankruptcy cases gave rise to this appeal.

### ISSUE

A preliminary issue overlooked by the parties and the bankruptcy court forms the basis of our decision—Does § 723 grant the trustee for a partnership in Chapter 11 a claim against the partnership's general partners for any deficiency of partnership property to pay in full all allowed claims against the partnership? This appears to be an issue of first impression. We hold that the trustee for a partnership in Chapter 11 may not assert a claim under § 723.

### DISCUSSION

The Bankruptcy Code, as enacted in 1978, governs the underlying proceedings because Sunset Whitney's case was filed in 1980. *See* Bankruptcy Reform Act of 1978, Pub.L.No. 95–598, § 402(a), 92 Stat. 2682 (1978); Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. 98–353, § 553, 98 Stat. 392 (1984).

Section 723 states that the trustee may pursue general partners for "a deficiency of property of the estate to pay in full all claims allowed in a case under this *title* concerning a partnership." § 723(a) (emphasis added). "Title" refers to Title 11 of the United States Code which encompasses all chapters, including Chapter 11. Section 103(b) states that "Subchapters I and II of chapter 7 of this title apply only in a case under such chapter." Section 723 is part of Subchapter II. As a result, it is unclear whether the trustee's right to proceed against general partners of a debtor partnership is limited to Chapter 7 partnership cases or extends to partnership cases filed under any chapter of Title 11.

In resolving this conflict between the sections, we are without the benefit of any legislative history explaining the scope of § 723(a), but we are not without guidance in resolving the issue before us. As the District of Columbia Circuit Court of Appeals aptly stated:

> [I]t is not for the members of this or any other court to redraft statutes to render them more grammatically correct or more to our personal predilection; it is, however, unequivocally our mission to

---

1. All statutory references are to Title 11 of the United States Code.

take arguably contradictory statutory passages and to reconcile them when the intent of Congress is clear but the implementation is faulty. In reaching this result, we are guided as well by the cardinal canon of statutory construction that dictates that provisions should, whenever possible, be construed to achieve consistency.

*Atwell v. Merit Systems Protection Board,* 670 F.2d 272, 286 (D.C.Cir.1981) (citation omitted); *see also United States v. Stauffer Chemical Co.,* 684 F.2d 1174 (6th Cir.1982), *aff'd on other grounds,* 464 U.S. 165, 104 S.Ct. 575, 78 L.Ed.2d 388 (1984) ("Different portions of the same statute should be read and interpreted consistently with each other, avoiding conflicts.").

Of equal importance is a Supreme Court comment on statutory interpretation:

> We believe it fundamental that a section of a statute should not be read in isolation from the context of the whole act, and that in fulfilling our responsibility in interpreting legislation, "we must not be guided by a single sentence or member of a sentence, but [should] look to the provisions of the whole law, and to its object and policy."

*Richards v. United States,* 369 U.S. 1, 11, 82 S.Ct. 585, 591, 7 L.Ed.2d 492 (1962) (footnotes omitted) (quoting *Mastro Plastics Corp. v. NLRB,* 350 U.S. 270, 285, 76 S.Ct. 349, 359, 100 L.Ed. 309 (1955)).

■ We construe § 723(a), when read in the context of the whole Bankruptcy Code, as applying only to Chapter 7 partnership cases. This interpretation harmonizes § 103(b) and § 723. Moreover, it comports with the notion that the trustee has a claim against a general partner when "there is a deficiency of property of the estate to pay in full all claims." § 723(a). In Chapters 11 and 13 payments on claims are made according to the debtor's plan, not with property of the estate, but with the debtor's property and future income. §§ 1141(b), 1327(b).

The amendment of § 723(a) by the Bankruptcy Amendments and Federal Judgeship Act of 1984 buttresses our interpretation of that section by substituting "chapter" for "title." As amended, subsection (a) gives the trustee the right to recover unpaid claims "which are allowed in a case under this chapter concerning a partnership."

The legislative history of the Bankruptcy Amendments and Federal Judgeship Act contains no explanation of Congress' intent in rewording § 723. We only know that the amending section was part of "Subtitle H—Miscellaneous Amendments to Title 11."

■ The amendment of a law does not necessarily indicate the legislature's intent to make a substantive change in the law. "An amendment to an existing statute is not an acknowledgement by Congress that the original statute is invalid. It is a common and customary legislative procedure to enact amendments strengthening and clarifying existing laws." *United States v. Tapert,* 625 F.2d 111, 121 (6th Cir.1980), *cert. denied,* 449 U.S. 952, 101 S.Ct. 356, 66 L.Ed.2d 216 (1980). A dispute or ambiguity concerning a statute is an indication that a subsequent amendment is intended to clarify rather than change existing law. *See, e.g., Callejas v. McMahon,* 750 F.2d 729, 731 (9th Cir.1984).

The ambiguous nature of § 723(a) and the absence of any expression of legislative intent to change its scope convince us that the amendment of the section was simply a clarification of Congress' original intent to limit the trustee's § 723(a) claim to deficiencies arising from a Chapter 7 partnership case.

## CONCLUSION

■ For the foregoing reasons, we hold that appellant, as a claimant in a Chapter 11 partnership case, has no right under § 723 to proceed against the bankruptcy estates of the general partner of Sunset Whitney and his wife. In so holding, we also note that when a § 723 claim

is properly presented, the trustee, not a creditor of the partnership, should bring the claim against the general partner.

Our opinion makes it unnecessary to express an opinion regarding the grounds for the bankruptcy court's decision or the arguments made by counsel.

We deny appellee's request for imposition of sanctions against appellant. Appellant's arguments fell within the bounds of proper advocacy set out in Bankruptcy Rule 9011(a).

AFFIRMED.