In re Roscoe R. BETZ, Jr., Debtor.

Richard A. HAMILTON, Plaintiff,

v.

Roscoe R. BETZ, Jr., Defendant.

Bankruptcy No. 84–0233.
Related Case No. 84–00990.

United States Bankruptcy Court,
N.D. Ohio, W.D.

Aug. 8, 1986.

Jonathan B. Cherry, Toledo, Ohio, for plaintiff.

Edward F. Zoltanski, Toledo, Ohio, for defendant.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon the Motion For Summary Judgment filed by the Defendant-Debtor in the above entitled adversary action. The parties have filed their arguments relative to the merits of the Motion and have had the opportunity to respond to the arguments made by opposing counsel. The Court has reviewed those arguments as well as the entire record in this case. Based upon that review and for the following reasons the Court finds that Summary Judgment should be granted, and that Judgment should be entered for the Debtor.

## FACTS

To the extent they have been developed thus far in the case, the facts do not appear to be in serious dispute. Prior to February of 1983, the firm of Bell & Beckwith, a partnership organized under the laws of Ohio, was engaged in the stock brokerage business. The Debtor-In-Possession was a general partner in that partnership. On February 5, 1983, liquidation proceedings were initiated against the partnership in response to the disclosure of significant deficiencies in the brokerage's margin accounts. These deficiencies existed as the result of a fraudulent course of conduct carried out by the brokerage's managing partner, Edward P. Wolfram, Jr.

At some time prior to the initiation of liquidation proceedings against the brokerage, the Plaintiff's father was also a partner in the brokerage. However, on or about April 1, 1975, the Plaintiff's father withdrew his participation in the partnership. In return for his interest in the partnership, the brokerage issued the Plaintiff's father a promissory note equal in value to the value of the father's interest in the business. Although the manner of transfer is not specifically set forth in the record, it appears that the Plaintiff has acquired his father's interest in the promissory note. It also appears that the Plaintiff has foregone making a demand against the brokerage for payment on the note, and has made other advances to the business subsequent to his acquisition of the note.

On June 15, 1984, the Debtor-In-Possession in the case underlying this adversary proceeding filed his voluntary Chapter 11 Petition with this Court. In the schedules which accompany that Petition, the Debtor-In-Possession lists the obligations owed as the result of his participation in the partnership. Included in that list of creditors is the Trustee of the brokerage's estate. The Debtor-In-Possession also lists certain obligations to the Plaintiff. It is unclear whether or not the father's promissory note from the brokerage is one of those so listed.

In response to the filing of the Debtor-In-Possession's Petition, the Plaintiff filed this adversary action. In this action, he seeks a determination of dischargeability as to the obligation allegedly owed by the Debtor-In-Possession to the Plaintiff. Specifically, the Plaintiff alleges that the Debtor-In-Possession, as a general partner of the brokerage, is liable to him for the amount owed on the promissory note. He alleges that this debt should be held nondischargeable as a result of the fact that the financial statements annually issued by the brokerage were relied upon by him in foregoing a demand for payment, that the partnership issued the annual reports with knowledge of their fraudulent character, and that the partnership published the reports with the

intent to deceive. Although the Complaint appears to acknowledge that the Debtor-In-Possession was not responsible for the commission of the actual fraud upon the brokerage, it imputes vicarious responsibility for that fraud to the Debtor-In-Possession as an agent of the brokerage.

In moving for Summary Judgment, the Debtor-In-Possession contends that the provisions of Title 11, which are made applicable by the provisions of 15 U.S.C. Section 78fff(b), preclude the allowance of the Plaintiff's claim in his case. The Debtor-In-Possession further contends that the existence of a claim is prerequisite to the assertion of nondischargeability as to that claim. In opposing the Motion, the Plaintiff argues that the Bankruptcy Code's preclusion of allowing a claim in a partner-debtor's case does not also preclude a determination as to whether the underlying debt can be discharged. The Plaintiff further contends that the fraudulent activities of one partner may be imputed to an innocent partner for purposes of holding non-dischargeable, as against the innocent partner, the debt created by such activities.

### LAW

The provisions of 15 U.S.C. Section 78fff(b) state in pertinent part:

(b) Application of Title 11.—To the extent consistent with the provisions of this chapter, a liquidation proceeding shall be conducted in accordance with, and as though it were being conducted under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of Title 11.

Under this section, the provisions of Title 11 Chapter 7 are applicable to any liquidation which is initiated under Title 15 Section 78aaa *et seq.*, provided they are not inconsistent with the provisions of 15 U.S.C. Section 78aaa *et seq.*

The provisions of 11 U.S.C. Section 723 state in pertinent part:

(a) If there is a deficiency of property of the estate to pay in full all claims which are allowed in a case under this chapter concerning a partnership and with respect to which a general partner of the partnership is personally liable, the trustee shall have a claim against such general partner for the full amount of the deficiency.

(c) Notwithstanding section 728(c) of this title, the trustee has a claim against the estate of each general partner in such partnership that is a debtor in a case under this title for the full amount of all claims of creditors allowed in the case concerning such partnership.

Notwithstanding Section 502 of this title, there shall not be allowed in such partner's case a claim against such partner on which both such partner and such partnership are liable, except to any extent that such claim is secured only by property of such partner and not by property of such partnership. The claim of the trustee under this subsection is entitled to distribution in such partner's case under section 726(c) of this title the same as any other claim of a kind specified in such section.

Under this provision, the claim of a creditor against the estate of a partnership in a case under Title 11 Chapter 7 will not, if allowed in the partnership case, also be allowed in any Title 11 case filed by an individual partner unless the claim is secured by property belonging solely to the individual partner. The purpose of this restriction is to provide for the orderly administration of creditor claims in a fashion which is consistent with generally recognized principle that individual partners are jointly and severally liable for the debts of the partnership. *See*, H.R.Rep. No. 95-595 to accompany H.R. 8200, 95th Cong., 1st Sess. (1977) p. 381, U.S.Code Cong. & Admin.News 1978, pp. 5787, 6337, *see also*, 4 *Collier on Bankruptcy* 15th ed. ¶ 723.04.

The provisions of 11 U.S.C. Section 523(a) state in pertinent part:

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by—

(B) use of a statement in writing—

(i) that is materially false;

(ii) respecting the debtor's or an insider's financial condition;

(iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and

(iv) that the debtor caused to be made or published with intent to deceive ...

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny ...

Under these provisions, any debt which results from the fraudulent use of a financial statement or from larcenous conduct will not be dischargeable in bankruptcy. *See for example, Thorp Credit, Inc. of Ohio v. Bright (In re Bright)*, 57 B.R. 233 (Bkcy. N.D. Ohio 1986).

The provisions of 11 U.S.C. Section 101 state in pertinent part:

In this title ...

(4) "claim" means—

(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured ...

(11) "debt" means liability on a claim ...

A party is entitled to a summary adjudication is they can demonstrate that there are no genuine issues as to any material fact and that they are entitled to judgment as a matter of law. See, Bankruptcy Rule 7056, Federal Rules of Civil Procedure 56, *Hartwig Poultry, Inc. v. C.W. Service (In re Hartwig Poultry, Inc.)*, 57 B.R. 236 (Bkcy. N.D. Ohio 1986).

▉ It is well established that the fraudulent activities of a partner may be imputed to an innocent partner for purposes of finding that the debts created by such activities are not dischargeable as to the innocent party. *See, Citizens State Bank of Maryville v. Walker (Matter of Walker)*, 53 B.R. 174 (Bkcy.W.D.Mo.1985), *J.C. Penny Co., Inc. v. Bonefas (In re Bonefas)*, 41 B.R. 74 (Bkcy.N.D.Iowa 1984), *Alden State Bank v. Anderson (In re Anderson)*, 29 B.R. 184 (Bkcy.N.D.Iowa 1983), *Modern Distributors, Inc. v. Gray*

*(Matter of Gray)*, 22 B.R. 676 (Bkcy.W.D. Wis.1982), *Terminal Builder Mart of Piedmont, Inc. v. Warren (In re Warren)*, 7 B.R. 571 (Bkcy.N.D.Ala.1980). However, the Courts have developed a distinction in this general rule based upon the knowledge of the innocent partner. Where the innocent partner or agent does not have knowledge or reason to know of the fraudulent activities, they cannot be held accountable for the debt subsequent to receiving their discharge. *See, Alden State Bank v. Anderson*, supra, *Modern Distributors, Inc. v. Gray*, supra. This results from the creditor's inability to demonstrate that the innocent partner maintained an intent to deceive, a necessary element to action under 11 U.S.C. Section 523(a)(2).

▉ It cannot be argued that the question of whether or not the Debtor-In-Possession had knowledge of the falsity of the brokerage's financial reports is a question of fact. A review of the record finds that there is not sufficient evidence before the Court so as to allow a resolution of that question. While the existence of a question of material fact might otherwise preclude the granting of summary judgment, the operation of other sections of the Bankruptcy Code indicate that the Plaintiff is not entitled to judgment in this case, regardless of any fact which might otherwise be proven.

▉ A review of the record finds that the obligations owed to the Plaintiff are, in fact, actually owed directly by the brokerage. The Debtor-In-Possession's liability on these obligations arises only as the result of his contractual relationship to the brokerage and the liability attendant to that relationship. *See*, Ohio Revised Code Section 1775.14. Since this obligation is the right to payment being asserted by the Plaintiff, it is apparent that this constitutes the Plaintiff's claim against the estates of both the brokerage and the Debtor-In-Possession.

As indicated by the provisions of 11 U.S.C. Section 101(11), the determination of whether or not a "debt" exists is premised

on whether or not a debtor is liable on a "claim". The structure of these definitions is consistent with the generally accepted distinction between these terms. It is one thing for a creditor to make a claim against a debtor. It is, however, significantly different for that debtor to be liable on the claim.

Under the provisions of 11 U.S.C. Section 723(c), a creditor's claim against a partnership-debtor is not allowable in a case involving an individual partner if it is allowed in the partnership case. As has been explained, this preclusion permits the orderly administration of both cases. If a creditor cannot assert an allowable claim against a debtor, there can be no debt from which liability "on a claim" can arise. In the absence of Title 11 proceedings for both the Debtor-In-Possession and the brokerage, the Plaintiff would have an assertable claim against either party on which both would be liable. However, the intervention of Title 11 in both cases effects the manner in which the Plaintiff is entitled to seek satisfaction. As previously explained, 11 U.S.C. Section 723(c) requires that the claim be made against the partnership's estate.

A review of the provisions of 11 U.S.C. Section 523(a) indicates that debts arising from the activities set forth in the statute may be held to be nondischargeable. However, the statute's use of the term "debt" presupposes the existence of a debt on which the debtor is liable. Since the presence of an allowable claim is prerequisite to the existence of a debt, and since the Plaintiff does not have an allowable claim against the Debtor-In-Possession, there is no debt which requires the determination sought by the present Complaint. Therefore, the Plaintiff is without foundation or standing to bring this action. Accordingly, it must be concluded that the Debtor-In-Possession is entitled to judgment as a matter of law, and that the Complaint should be dismissed.

While it may appear that this conclusion results in the abrogation of the Debtor-In-Possession's partnership liability, it should be remembered that the provisions of 11 U.S.C. Section 723(a) bestow upon the trustee of the partnership estate a claim against all partners for any deficiencies which exist in satisfying the creditors of the partnership. As a result, the Plaintiff's claim may be satisfied from the present and future assets of the brokerage's estate. These assets would include any recovery which might be made by the Trustee in the Debtor-In-Possession's case. Furthermore, since the Trustee is possessed with an assertable claim against the Debtor-In-Possession which arises, in part, from the Debtor-In-Possession's partnership liability, any action to determine the dischargeability of those obligations would have to be brought on behalf of the estate by the Trustee. If successful, then the nondischargeable debt to the brokerage would be an asset of the brokerage's estate. However, since it appears the Bankruptcy Code contemplates that creditors be required to look solely to the assets of the partnership estate for satisfaction of their claims, it must be concluded that the preclusion of a dischargeability action by creditors against the individual partners is consistent with that goal. Accordingly, it must also be concluded that the Plaintiff is without standing in this case.

In reaching these conclusions the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

It is ORDERED that the Motion For Summary Judgment be, and is hereby, GRANTED.

It is FURTHER ORDERED that the Complaint be, and is hereby, DISMISSED.