**In the Matter of CCA PARTNERSHIP, Debtor.**

**Bankruptcy No. 86–83.**

United States Bankruptcy Court, D. Delaware.

Dec. 18, 1986.

Bayard, Handelman & Murdoch by: Peter J. Walsh, Wilmington, Del., for debtor.

Potter, Anderson & Corroon by: David B. Stratton, and Richard L. McMahon, and Laurie Silverstein, Wilmington, Del., for indenture trustee.

Gary J. Garrett, for Beverly Enterprises.

Jeffrey W. Warren, Tampa, Fla., Bondholders Committee.

## RULING OF THE COURT

**HELEN S. BALICK, Bankruptcy Judge.**

CCA Partnership, debtor, and the Bondholders Committee have proposed a joint plan designated second amended plan of reorganization. Delaware Trust Company objects to confirmation of that plan. Delaware Trust serves as trustee under an indenture dated August 1, 1982 with New Castle County for the benefit of bondholders of Commercial Development Revenue Bonds issued by the County in the original principal amount of $9,650,000. The proceeds of the bonds were advanced to a predecessor of the debtor under a loan agreement with the County for the purpose of constructing a life care facility in New Castle County. The obligations under the loan agreement, that is, bondholders' claims, were secured by a mortgage on the project. The trustee, as a fiduciary, has the duty to raise objections to what it perceives to be contrary to that permissible under the law.

The trustee contends that the plan cannot be confirmed because plan Section 3.6(4) which, in effect, relieves the general partners from individual liability for partnership debts and works a compromise is inconsistent with the provisions of Title 11 of the United States Code.

In looking at the provisions of the Bankruptcy Code dealing with partnerships, note must be taken of Section 723 which defines the rights of a partnership trustee against general partners in a Chapter 7 case. This section is not applicable in a Chapter 11 case by virtue of Section 103(b), *In re Kaveney*, 60 B.R. 34 (9th Cir. BAP 1985). However, Section 1141(d)(3) accomplishes the same purpose. These sections preserve the effect of the Uniform Partnership Act as to general partners' liabilities under state law when partnership is not entitled to a discharge.

It then becomes important to analyze what general partners' liabilities are under state law. Section 1515 of Title 6, Delaware Code, modeled after the UPA, provides in Subsection (1) that all partners are jointly and severally liable for charges against the partnership involving wrongful acts by any partner and in the first clause of Subsection (2) provides that all partners are jointly liable for all other debts and obligations of the partnership. Despite the lack of a reported Delaware decision, this clause supports debtor's contention that a Delaware general partnership is not a separate legal entity in light of Wooleys unequivocable pronouncement that "a partnership or firm is never regarded as a legal entity, apart from its members." Wooley on Delaware Practice, Section 140 at 88 (1906).

Moreover, the second clause of that Subsection is supportive of debtor's derivative liability argument in that it states any partner may enter into a separate obligation to perform a partnership contract. Individuals entering into a partnership agreement are not required to incorporate all of the provisions of the law as they relate to the relationship among themselves but the partners may not agree to alter this section of the law as it relates to liability to third parties, but they are not prohibited from individually agreeing with a third party as to a specific obligation, that the third party has recourse only to the partnership. Thus, under Delaware law it appears that general partners may by agreement with a creditor alter that creditor's rights.

To go back to the Bankruptcy Code, the purpose of Chapter 11 is to reorganize an entity by obtaining confirmation of a plan. The effect of confirmation is to discharge an entity, here a partnership, from all pre-petition liability and form a new agreement between it and its creditors. The result of Section 3.6(4) of the plan reflects that which is permissible under Delaware law by agreement. What the debtor has accomplished in addition to obtaining an opinion that a general partner's liability is derivative is a compromise. The safeguard in this case, is the requirement that debtor obtain the acceptance of the class affected. It has done that by obtaining the overwhelming acceptance of the

bondholders and satisfying the requirements of Section 1129(a)(7)(A)(ii) and (11) by establishing that the impaired class of bondholders will receive substantially more under the plan than they would have received in a liquidation if the debtor were liquidated under Chapter 7 this date for the reason that Beverly Enterprises, which is the source of principal funding has the ability to perform as of the effective date of the plan and neither it nor any other potential purchasor would be interested in anything other than an ongoing facility or a substantial reduction in the amount anyone would be willing to pay for a "bricks and mortar" facility.

The trustee's objections are overruled; the plan is confirmed.