**In re R.L. KELLY AND SONS, MILLERS, Debtor.**

**In re Austin S. KELLY, Debtor.**

**In re Earl L. KELLY, Debtor.**

**In re Evelyn R. KELLY, Debtor.**

**Bankruptcy Nos. 89–4–0193–SD, 89–4–0194–SD, 89–4–0452–SD and 89–4–0195–SD.**

United States Bankruptcy Court, D. Maryland, at Rockville.

March 14, 1991.

Herbert O. Brown, Managing Gen. Partner, Dickerson Land Co., Dickerson, Md.

Charles Castle, Frederick, Md., for Robert Tregoning.

Joan Thomas, Chief Insolvency Unit, Sp. Procedures Unit, I.R.S., Baltimore, Md.

Malcolm B. Kane, Lloyd, Kane & Wieder, P.A., Ellicott City, Md., for Richard L. Pue.

Stephen M. Goldberg, Weinberg & Green, Baltimore, Md., for Thurmont Co-op., Inc.

Eddie Mercer, Inc., Frederick, Md.

Frank Winne & Sons, Inc., Philadelphia, Pa.

Matthew C. Leefer, Frederick, Md., for Debtor.

Stephen K. Carper, Rockville, Md., for Terence B. Garvey, trustee for Austin, Earl and Evelyn Kelly.

Gary A. Rosen, Bethesda, Md., trustee for R.L. Kelly and Sons, Millers.

Gerard R. Vetter, Semmes, Bowen & Semmes, Baltimore, Md., for Manna Pro Corp.

Brooke Schumm, III, Miles & Stockbridge, Baltimore, Md., for Farmers and Mechanics Nat. Bank.

Michael J. Schwarz, Schwarz and Greenblatt, Baltimore, Md., for Wilmer and Joyce Hostetter.

Terence B. Garvey, Gaithersburg, Md., trustee for Austin, Earl and Evelyn Kelly.

Jason Green, Office of the U.S. Trustee, Rockville, Md.

R. Edwin Brown, Brown & Sturm, Rockville, Md., for Dickerson Land Co.

Fritz Schneider, Frank, Bernstein, Conaway & Goldman, Bethesda, Md., for James Mullinix.

Judith & Franklin Williams, Emmitsburg, Md.

Robert Kresslein, Stern & Kresslein, P.A., Frederick, Md.

Everett Moser, Middletown, Md.

## MEMORANDUM OF DECISION MODIFYING PARTNERSHIP TRUSTEE'S PROPOSED ORDER OF DISTRIBUTION AND GRANTING CERTAIN RELIEF AS TO PARTNER ESTATES

E. STEPHEN DERBY, Bankruptcy Judge.

The partnership trustee's proposed distribution raises issues of how secured claims should be allocated and prioritized among the Chapter 7 bankruptcy estates of a partnership and of its partners.

### I.  Facts.

R.L. Kelly and Sons, Millers, was a Maryland general partnership which operated a mill. The partners were three brothers—Austin, Earl and Donald Kelly. Each was married. The partnership, Austin, Earl, and Evelyn, wife of the late Donald Kelly who died prepetition, have each filed a case under Chapter 7 of the Bankruptcy Code. The assets in each of the four estates are primarily real property. Following is a list of the properties.

A.  Partnership property:

1.  The mill located at 8621 Liberty Road in Frederick County, Maryland. Pursuant to a court order, the partnership trustee sold this real property free and clear of liens for $160,000.00, with all liens, claims and encumbrances attaching to the proceeds of sale.

2. Vehicles. The partnership trustee also sold these vehicles free and clear of all liens, for $39,300.00.

B. Austin Kelly's property:

1. Austin's residence, owned as tenants by the entirety with his wife Genevieve, located at 717 Fairview Avenue in Frederick County, Maryland. This property has a scheduled value of $150,000.00.

2. A one-half interest, also owned as a tenant by the entirety, in a residence located at 2 Salisbury Avenue in Ocean City, Worcester County, Maryland. The one-half interest in this property has a scheduled value of $30,000.00.

Although these two parcels have not yet been sold, Manna Pro Corporation and Wilmer and Joyce Hostetter, secured creditors, have filed motions for relief from the automatic stay to foreclose on the properties. Further, the partner trustee has filed an adversary complaint seeking to sell both properties pursuant to 11 U.S.C. § 363(h) to satisfy joint creditors.

C. Evelyn Kelly's property:

Evelyn's former residence located at 11 West Frederick Avenue, Frederick County, Maryland. The property was titled in the sole name of Evelyn. Pursuant to a court order, Evelyn's trustee sold this property free and clear of liens for $155,000.00. The order provided all liens, claims and encumbrances were transferred to the sale proceeds without prejudice to a later determination of their validity, extent or priority.

D. Earl Kelly's property:

1. Earl's residence, owned as tenants by the entirety with his wife Ethel, located at 8434 Liberty Road, Frederick County, Maryland. This property has a scheduled value of $200,000.00. Although the property has not yet been sold, Manna Pro and the Hostetters have filed motions to lift the automatic stay; and the partner trustee has filed a complaint to sell the property for joint creditors under 11 U.S.C. § 363(h).

2. A residence, owned as tenants by the entirety with Ethel, located at 2610 Arcola Avenue in Wheaton, Montgomery County, Maryland. Pursuant to a court order, Earl's trustee sold this property free and clear of liens for $105,000.00, with all liens, claims and encumbrances attaching to the proceeds of sale.

The secured claims and their respective priorities arise from deeds of trust, judgment liens, or both, against property of one or more of the estates. Not all judgments were recorded in all counties where real property was located, and some judgment liens did not attach because the judgments were against only one spouse and the real property was owned as tenants by the entirety. All of the claims at issue here arose from the affairs of the partnership, R.L. Kelly and Sons, Millers. The claims against the individuals are based either on notes they executed as accommodation makers or on their status as partners. These claims became secured by virtue of deeds of trust to secure the notes, judgments on the notes, or on judgments against the individuals as partners.

In the course of administration, the trustee for the partners sold parcels of partner property before the partnership trustee sold the partnership's property. To minimize interest accruals, the court required the partners' trustee to distribute the net sale proceeds from Evelyn's 11 West Frederick Avenue property ($108,-928.70) and Earl's 2610 Arcola Avenue property ($88,975.36), aggregating $197,-904.06, to Farmers and Mechanics National Bank ("F & M") as partial satisfaction of F & M's first lien on all real property in all estates. The court, however, provided that the distribution to F & M was made without prejudice to the realigning of rights of creditors entitled to receive distributions from the estates of the partnership and each partner. Accounts would be restated so that remaining creditors would be in the same relative positions they would have had if the prior distributions to F & M from particular properties had never taken place.

The partnership trustee has proposed the following distribution to partnership creditors which does not reallocate any money to the estates of Evelyn or Earl on account of their prior distributions to F & M:

I. Receipts from Liquidation of Debtor's Assets
   a. Proceeds of Sale of Assets

| | | | |
|---|---|---|---|
| Real Property | | $160,000.00 | |
| Vehicles | | 35,700.00 | |
| b. Interest through 2/28/90 | | 3,590.66 | |
| | | Total | $199,290.66 |

II. Disbursements
   a. Secured Claims (Disbursed)

| | | | |
|---|---|---|---|
| | | Total | $-0- |
| b. Secured Claims (To be Disbursed) | | | |
| Farmers & Mechanics Bank | | $ 18,443.93 | |
| Balance of Lien | $ 2,443.93 | | |
| Attorney's Fees | 16,000.00 | | |
| Manna Pro Corporation | | $ 35,700.00 | |
| Lienholder as to vehicles | | | |
| Robert Tregoning | | $ 68,827.03 | |
| James F. Mullinix | | $ 53,935.54 | |
| | | Total | $176,906.50 |
| c. Debtor's Exemption | | | $-0- |
| d. Costs and Expenses of Administration | | | $ 22,384.16 |
| e. Dividend Proposed to be Paid to Creditors Holding Unsecured Claims (Total amount available for distribution to unsecured claims | | | $-0- |

---

The court required notice to creditors of both the partnership and the respective partners. Many creditors, particularly those with secured claims against partners, have objected to the partnership trustee's proposed distribution claiming that it fails to restore the sums advanced to F & M by the estates of Evelyn and Earl. Without a reimbursement to the two partners' estates, the objecting creditors maintain that the partners' trustee is deprived of money to pay partner creditors in a later distribution of the partner estates.

*II. Conclusions.*

*A. Law.*

Resolution of the objections is dictated by 11 U.S.C. § 723. This section provides:

§ 723. Rights of partnership trustee against general partners.

(a) If there is a deficiency of property of the estate to pay in full all claims which are allowed in a case under this chapter concerning a partnership and with respect to which a general partner of the partnership is personally liable, the trustee shall have a claim against such general partner for the full amount of the deficiency.

(b) To the extent practicable, the trustee shall first seek recovery of such deficiency from any general partner in such partnership that is not a debtor in a case under this title. Pending determination of such deficiency, the court may order any such partner to provide the estate with indemnity for, or assurance of payment of, any deficiency recoverable from such partner, or not to dispose of property.

(c) Notwithstanding section 728(c) of this title, the trustee has a claim against the estate of each general partner in such partnership that is a debtor in a case under this title for the full amount of all claims of creditors allowed in the case concerning such partnership. Notwithstanding section 502 of this title,

there shall not be allowed in such partner's case a claim against such partner on which both such partner and such partnership are liable, except to any extent that such claim is secured only by property of such partner and not by property of such partnership. The claim of the trustee under this subsection is entitled to distribution in such partner's case under section 726(a) of this title the same as any other claim of the kind specified in such section.

(d) If the aggregate that the trustee recovers from the estates of general partners under subsection (c) of this section is greater than any deficiency not recovered under subsection (b) of this section, the court, after notice and a hearing, shall determine an equitable distribution of the surplus so recovered, and the trustee shall distribute such surplus to the estates of the general partners in such partnership according to such determination.

When partnership assets are insufficient to pay all allowed partnership claims, § 723 gives a partnership trustee the right to recover the deficiency from the general partners who are personally liable on the claims. 11 U.S.C. § 723(a); *In re Kaveney*, 60 B.R. 34, 35 (9th Cir. BAP 1985); *Matter of Elsub Corp.*, 66 B.R. 172, 186 (Bankr.D. N.J.1986). The partnership trustee must first seek recovery to the extent practicable, from a general partner who is not a debtor under title 11. 11 U.S.C. § 723(b); *Elsub*, 66 B.R. at 186. All of the Kelly partners, however, are Chapter 7 debtors.

The partnership trustee has a claim against the estate of each general partner that is a debtor under title 11 for the full amount of all allowed claims of creditors in the partnership's bankruptcy case. 11 U.S.C. § 723(c). *See Kaveney*, 60 B.R. at 36–37 (the partnership trustee, not a partnership creditor, is the appropriate party to bring a claim against a general partner); *Elsub*, 66 B.R. at 186 (the partnership trustee has a claim against the estate of each partner who is a debtor for full amount of all claims of creditors allowed against the partnership). The partnership trustee does not claim each partnership claim separately, but rather includes all allowed partnership claims in one aggregate claim. Consequently, both partnership creditors through the trustee and individual partner creditors may have claims allowed pari passu against each general partner's estate.

The partnership trustee's aggregate claim against a general partner is limited to only claims of creditors. 11 U.S.C. §§ 723(c), 101(9). The significance of this limitation is that it precludes the partnership trustee from claiming partnership administrative claims or expenses against the general partner. 124 Cong. Rec. 32401 (Sept. 28, 1978) (Rep. Edwards' statement); 124 Cong.Rec. 34000–01 (Oct. 5, 1978) (Sen. DeConcini's statement). The partnership trustee need not file to have a partnership claim allowed—the claim is automatically entitled to distribution. H.R. Rep. No. 595, 95th Cong., 1st Sess. 200 (1977), *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, 6161; *Elsub*, 66 B.R. at 186. Because the partnership trustee's claim does not include administrative claims against the partnership or, as noted below, secured claims against a partner, the partnership trustee's claim is an unsecured claim against the partner's estate. 11 U.S.C. §§ 723(c), 726(a); *In re Safren*, 65 B.R. 566, 573 (Bankr.C.D.Cal.1986).

The amount of each claim that the partnership trustee may include in the aggregate claim against a general partner who is a debtor depends upon whether the partnership creditor is secured and, if so, in which estate the partnership creditor has security. *See generally* Kennedy, *Partnerships and Partners Under the Bankruptcy Code: Claims and Distribution*, 40 Wash. & Lee L.Rev. 55 (1983). If a partnership creditor has a security interest in partnership property only, then the partnership trustee includes the full value of the collateral, i.e. the amount of the partnership creditor's secured claim under 11 U.S.C. § 506(a), in the aggregate claim against the partner's estate. 11 U.S.C. § 723(c). *See* Kennedy, *supra*, at 73. If the partnership trustee recovers more than is necessary to pay all partnership allowed claims, then the partnership trustee shall make an equitable distribution, as deter-

mined by the court after notice and a hearing, to the estates of the general partners, on account of partner equity interests. 11 U.S.C. § 723(d); *Elsub*, 66 B.R. at 186.

If a partnership creditor has security in a partner's property only, however, the partnership trustee includes only the unsecured amount in the aggregate claim against the partner's estate. 11 U.S.C. § 723(c) (2d sentence). *See* Kennedy, *supra*, at 73. The secured portion of the creditor's claim against the partner is not forgotten, because it will be processed with the secured creditor's claims against the partner, according to priority, in the normal course of the partner's estate distribution under 11 U.S.C. § 724. *See In re Betz*, 64 B.R. 248, 250 (Bankr.N.D.Ohio 1986) (partnership creditors claim, if allowed in partnership case, will not also be allowed in partner bankruptcy case unless claim is secured only by partner property); Kennedy, *supra*, at 73. By reducing the partnership trustee's aggregate claim by the value of the partner's property in which the partnership creditor has the security interest, the partnership trustee is precluded from having the secured claim asserted twice against the partner's estate to the detriment of the individual partner's creditors and their pro rata share. *Betz*, 64 B.R. at 250; Kennedy, *supra*, at 73.

■ If the partnership creditor has a security interest in both partnership property and partner property, the second sentence of § 723(c) should be read to allow the creditor's secured claim against the partner's estate only to the extent the creditor's claim is not satisfied from collateral of the partnership. Only to such an extent is the claim "... secured *only* by property of such partner and not by property of such partnership." 11 U.S.C. § 723(c). (Emphasis supplied.) Applying § 723(c) in this manner preserves the principle that a partnership secured creditor should be paid first from, and to the extent of its security interest in, partnership property. To the extent of a deficiency, the partnership creditor takes up to the value of its security interest in the partner property, with other partner secured creditors according to priority under 11 U.S.C. § 724. Kennedy, *su-*

*pra*, at 73. In this manner, the partnership trustee's aggregate claim against the partner's estate will include the "partnership creditor's claim to the extent it is not secured by the partner's property, even though it is or may be secured by the partnership property or another partner's property." *Id.*

■ The effect of 11 U.S.C. § 723 is that "[t]he [partnership] trustee will share equally with the partner's individual creditors in the assets of the partners' estate." H.R.Rep. No. 595, 95th Cong., 1st Sess. 381 (1977), *reprinted in* 1978 U.S.Code Cong. & Ad.News 6337; S.Rep. No. 989, 95th Cong., 2d Sess. 95 (1978), *reprinted in* 1978 U.S.Code Cong. & Ad.News 5881. It must be noted, because it has significance for the instant cases, that the partnership trustee's unsecured claim is against only the individual partner, and does not include a spouse. Under Maryland common law, property held as a tenancy by the entirety is not subject to the claims of creditors of only one spouse. *State v. Friedman*, 283 Md. 701, 705–06, 393 A.2d 1356 (1978); *Annapolis Banking & Trust Co. v. Neilson*, 164 Md. 8, 9–10, 164 A. 157 (1933); *Ades v. Caplin*, 132 Md. 66, 69, 103 A. 94 (1918); *Jordan v. Reynolds*, 105 Md. 288, 294, 66 A. 37 (1907). Entireties property is subject to the claims only of joint creditors. *Friedman*, 283 Md. at 706, 393 A.2d 1356; *Frey v. McGaw*, 127 Md. 23, 25, 95 A. 960 (1915).

■ A debtor's interest in entireties property is property of the bankruptcy estate under 11 U.S.C. § 541(a)(1). *In re Ford*, 3 B.R. 559 (Bankr.D.Md.1980), *affirmed sub nom. Greenblatt v. Ford*, 638 F.2d 14 (4th Cir.1981). Maryland has opted out of the Bankruptcy Code's federal exemptions, and therefore Maryland law dictates the extent to which a debtor may claim exemptions in entireties property. 11 U.S.C. § 522(b); Md.Cts. & Jud.Proc.Code Ann. § 11–504(g) (1989 Repl.Vol.). Since under Maryland law a debtor may not claim entireties property exempt as such to the extent there are joint debts, entireties property may be administered by the trustee of one spouse for the benefit of joint creditors. *Sumy v. Schlossberg*, 777 F.2d 921 (4th Cir.1985). To the extent there are

claims against the debtor individually and not also against a non-filing spouse, the debtor may exempt his interest in the entireties property. *In re Ford,* 3 B.R. 559. Therefore, property held by a partner as a tenant by the entirety with a nonfiling spouse may be exempted from the estate after payment of joint creditors, and it will not be available for satisfaction of the partnership trustee's claim.

The partnership trustee's right to share pro rata with unsecured creditors of a general partner is a significant departure from prior bankruptcy law, commonly known as the "jingle rule". *See* Kennedy, *supra,* at 56. Under the jingle rule, partnership creditors take from partnership assets, partner creditors take from partner assets, and anything left over from either goes to the other. *Id.; Safren,* 65 B.R. at 572–573; *Elsub,* 66 B.R. at 186. The portion of the rule which precluded partnership creditors from collecting from partner property until partner creditors were paid, however, was inconsistent with nonbankruptcy partnership law that holds general partners liable for partnership obligations. Kennedy, *supra,* at 57. Accord, Md. Corps. & Ass'ns Code Ann. § 9–307 (1985 Repl.Vol.). This inconsistency did not extend to the second part of the jingle rule because partnership law does not hold a partnership liable for the obligations of a general partner acting in his individual capacity. Kennedy, *supra,* at 57–58.

■ To rectify the inconsistency between bankruptcy law and partnership law, legislative history to the Bankruptcy Reform Act of 1978 demonstrates that Congress intended to repeal the jingle rule by enacting § 723.

This section is a significant departure from present law. It repeals the jingle rule, which, for ease of administration, denied partnership creditors their rights against general partners by permitting general partners' individual creditors to share in their estates first to the exclusion of partnership creditors. The result under this section more closely tracks generally applicable partnership law, without a significant administrative burden.

H.R.Rep. No. 595, 95th Cong., 1st Sess. 381 (1977), *reprinted in* 1978 U.S.Code Cong. & Ad.News 6337; S.Rep. No. 989, 95th Cong., 2d Sess. 95 (1978), *reprinted in* 1978 U.S.Code Cong. & Ad.News 5881; *In re Safren* 65 B.R. at 574. *See* Kennedy, *supra,* at 58–59. However, § 723 only repeals that portion of the jingle rule which protected a partner's individual creditors from competing with partnership creditors for the proceeds of a partner's estate. Section 723 does not destroy the priority which partnership creditors have over partner creditors in collecting from partnership assets. This is because the property interest of an individual partner in a partnership, to which a partner's creditors are entitled to look for payment, is an equitable ownership interest which is junior to the interests of partnership creditors. See Md. Corps. & Ass'ns Code Ann. §§ 9–501, 9–502(a)(3), 9–503, 9–505(a) (1985 Repl.Vol.).

### B. Application of Law.

■ In the present case, F & M is the first priority lien creditor in both partnership property and partner real property by virtue of its mortgages recorded first in each of Frederick, Montgomery and Worcester counties. The mortgage agreements were entered into by the partners and their spouses, in addition to the partnership, thereby giving F & M a mortgage lien in partner property owned as tenants by the entirety. As set forth previously, when a partnership creditor has a security interest in both partnership and partner property, the partnership creditor should be paid first from, and to the extent of its security interest in, the partnership property. F & M, however, has previously been paid $197,904.06 in partial satisfaction of its mortgage from proceeds derived from the sale of Evelyn's and Earl's properties. Therefore, the distributions which were made by partner estates must be recast as if they were made by the partnership estate, to the extent that proceeds are available from the sale of partnership real estate. Evelyn's and Earl's estates are each entitled to receive a share, proportionate to the amount each advanced to F & M, of the available sale proceeds.

Although F & M has the first priority lien on all partner real property, it has a first priority right to distribution from partner estates only to the extent of its security interest for the remainder of its claim which is not satisfied by the sale of the partnership real estate. Therefore, the court will approve the partnership trustee's proposed distribution to F & M which is necessary to pay off the remaining balance of F & M's secured claim. The partnership trustee is also entitled to his costs and expenses recoverable under 11 U.S.C. § 506(c). The amounts restored proportionately to the estates of Evelyn and Earl from the sale proceeds will thus be reduced by these amounts.

Since F & M is a partnership creditor with security in both the partnership and partner estates, and because the balance of its claim which is not paid from partnership assets is fully secured by partner property, the partnership trustee's claim against the partner estates on account of F & M's claim is limited to the amount paid by the partnership trustee to F & M from partnership collateral. The amount of the partnership claim includes the amount which should have been paid by the partnership and which is being restored to the estates of Evelyn and Earl on account of payments advanced by them to F & M.

F & M's claim should be viewed as having been paid first from the partnership estate. Since payments on account of F & M's claim depletes all available funds from the sale of the partnership's real property, there is no money left to be distributed to remaining partnership creditors with liens on real estate. As a result, those creditors with judgment liens on partnership real property are unsecured. 11 U.S.C. § 506(a). Pursuant to 11 U.S.C. § 723(c), the partnership trustee's claim includes all unsecured partnership creditor claims, except to the extent some may be secured by a partner's property, in one aggregate claim against each of the partner estates. The partnership trustee's aggregate claim is unsecured, and he will share pari passu with the partner's unsecured creditors in any remaining proceeds after partner secured creditors are paid.

Manna Pro had a first position in the vehicles of the partnership, and the court has previously ordered the net proceeds from the sale of the vehicles distributed to it. As to the remaining balance of its claim, Manna Pro is next in priority as to certain real property of partners by virtue of its deed of trust executed by both the partners and their spouses and recorded among the Land Records of Frederick County, Maryland on March 6, 1986. These properties include:

1. Evelyn's 11 W. Frederick Avenue, Frederick, Maryland, to the extent of the restored proceeds;

2. Austin and Genevieve's 717 Fairview Avenue, Frederick Maryland; and

3. Earl and Ethel's 8434 Liberty Road, Frederick, Maryland.

Manna Pro's liens on Earl's Arcola Avenue property in Montgomery County (the remaining proceeds) and on Austin's Ocean City Condominium in Worcester County are judgment liens arising from judgments on the mortgage indebtedness which were recorded in those counties much later, in 1988. A judgment constitutes a lien on real property of the judgment debtor only in counties where it is entered or recorded. Md.Cts. & Jud.Proc.Code Ann. § 11–402(b) (1989 Repl.Vol.). Since there do not appear to be any intervening lien interests in either of these properties, Manna Pro's secured claim also appears second only to F & M as to them. With the proceeds restored to the estates of Evelyn and Earl Kelly which were used to pay F & M, there are sufficient funds to satisfy the balance of Manna Pro's claim, without even considering Manna Pro's remaining partner collateral. Therefore, Manna Pro is fully secured by partner property for its claim to the extent the claim was not satisfied by distribution of the proceeds from sale of the partnership's vehicles. The partnership trustee's unsecured claim against each partner will be calculated separately for each partner's estate, and it will include the aggregate amount of Manna Pro's original claim, less the amount paid to Manna Pro

from the assets of each partner. 11 U.S.C. § 723(c).

■ To determine from which partner's collateral Manna Pro should be paid requires consideration of both the equitable principles based on the doctrine of marshalling of remedies among secured creditors and the partnership relationship. The doctrine of marshalling allows a court in equity, including a bankruptcy court, to require a creditor who has two funds as collateral from a common debtor to resort first to the fund which will not defeat a secured creditor with a junior position. *In re A.H. Robins*, 880 F.2d 694, 701 (4th Cir.1989), *cert. denied,* — U.S. —, 110 S.Ct. 376, 107 L.Ed.2d 362 (1989); *In re Careful Laundry*, 204 Md. 360, 373, 104 A.2d 813, 821 (1954). A creditor does not have the right to select the fund from which his claim will be paid. *A.H. Robins*, 880 F.2d at 701. Because it is equitable, the doctrine will be applied only if: (1) it is necessary to satisfy both secured creditors; (2) it will not prejudice the rights of the first secured creditor with the greater collateral; (3) it will not be unjust to the debtor; and (4) it will not be inequitable to the interests of others. *E.g., General Ins. Co. v. United States Ins. Co.*, 10 Md. 517, 528–29 (1857) (assets may not be marshalled to the prejudice of the superior creditor); *Lieb v. Stribling, Adm'x*, 51 Md. 285, 288–89 (1879) (equity of marshalling will not be enforced against intervening liens having a superior equity); *Metcalfe v. Canyon*, 318 Md. 565, 573–74, 569 A.2d 669 (1990).

■ One common debtor is Earl Kelly, jointly with his wife Ethel. There are junior, joint creditors with lien interests on Earl and Ethel's Frederick County property at 8434 Liberty Road which are subordinate to Manna Pro, but Manna Pro is the only joint creditor with an unsatisfied lien on the restored proceeds from the sale of Earl and Ethel's Montgomery County property on Arcola Avenue. Since it would serve the interests of Manna Pro to a prompt and certain payment, as well as the interests of other secured creditors to maximize their security, Manna Pro should collect its claim against Earl and Ethel first from the restored proceeds of sale of their Arcola Avenue property.

The doctrine of marshalling does not technically apply as between Earl and Ethel Kelly, on the one hand, and Evelyn Kelly on the other because each is a separate and not a common debtor. Further, the assets sought to be marshalled are not those of a common debtor, but rather are the separate assets of Earl and Ethel and of Evelyn. *Port Welcome Cruises, Inc. v. S.S. Bay Belle*, 215 F.Supp. 72, 85 (D.Md.1963), *affirmed sub nom. Humble Oil & Refining Co. v. S.S. Bay Belle*, 324 F.2d 954 (4th Cir.1963). Nevertheless, several factors are present which justify application of the equitable principles of marshalling by analogy. First, the same junior lienholders in Earl and Ethel Kelly's Frederick County property have junior liens on the sale proceeds from Evelyn Kelly's Frederick County property. Second, there is a single debt owed to each lienholder which is asserted separately against each estate which arose from the individuals' assumption of partnership obligations. Third, a partner's liability for partnership obligations is joint in nature. Md. Corps. & Ass'ns Code Ann. § 9–307(2) (1985 Repl.Vol.). Finally, each of the lien creditors may assert its claim against the same creditors. Therefore, Manna Pro should be paid first from the restored proceeds in Earl's estate from the sale of the Arcola Avenue property in order to protect the lien rights of lienholders junior to Manna Pro, while enabling Manna Pro to collect what is due it. An additional order will not be required because Earl's trustee has already been authorized, contingent on availability, to distribute restored proceeds from the sale of the Arcola Avenue property to Manna Pro by order entered January 19, 1990.

Another common debtor is Austin Kelly. While several creditors have liens on Austin's Frederick County property subordinate to Manna Pro's lien, only Manna Pro has an unsatisfied lien on Austin and Genevieve's one-half interest in the Ocean City residence in Worcester County. If the restored proceeds from the Arcola Avenue

sale in Earl's estate are not sufficient to satisfy the balance of Manna Pro's claim, absent other arrangements, Manna Pro is entitled to have the stay of 11 U.S.C. § 362(a) lifted as to Austin's interest in the Ocean City property to collect its claim in full. However, its motions for relief from stay as to the Frederick County properties of Austin and Earl will be denied, because it appears unnecessary for Manna Pro to resort to them.

As to the relationship among the partners, it would appear that each of the partners' estates has an indemnity claim over against the others for any amount each pays on account of claims of partnership creditors in excess of the partner's share in partnership profits. Md. Corps. & Ass'ns Code Ann. §§ 9–401(1)–(3) (1985 Repl.Vol.). How, and whether, these indemnity claims may be asserted, perhaps through use of 11 U.S.C. § 509 subrogation rights against codebtors, is not before the court at this time. Regardless, these claims should not affect the ability of secured creditors to collect, but they would be considered by the court in making an equitable distribution under 11 U.S.C. § 723(d) if the partnership trustee recovers a surplus from the estates of the partners.

Based upon the information presented in proofs of claim filed in the four bankruptcy cases, it appears that the priority of the remaining secured claims may be described in the following manner. Robert Tregoning, James Mullinix, and Franklin and Judith Williams, respectively, by virtue of their judgments against the partnership, Austin and Earl entered in the Circuit Court for Frederick County, are next in time. However, no proceeds remain from the sale of partnership real property to distribute to them. Further, the judgments would constitute liens against only those properties in Frederick County titled in the name of the judgment debtors, Austin and Earl. Md.Cts. & Jud.Proc.Code Ann. § 11–402(b) (1989 Repl.Vol.). Judgment liens against the real properties in Austin's and Earl's estates, however, did not attach because the judgments did not include the partners' spouses, and these properties are owned as tenants by the entirety. Consequently, these creditors have only unsecured claims, and their claims against the partners are subsumed in the partnership trustee's claims.

The next creditor with priority is Dickerson Land Company by virtue of its judgment against the partnership, Evelyn, Earl and his wife Ethel, and Austin and his wife Genevieve, entered on June 3, 1986 in the Circuit Court for Frederick County, Maryland. No proceeds remain from the partnership to distribute to Dickerson. However, the judgment does name the partners' spouses, and the judgment's lien attached to the Frederick County properties owned as tenants by the entirety. Consequently, Dickerson would be first after Manna Pro to share in the proceeds of partner real property in Frederick County. Although Dickerson's claim is listed as disputed in the partners' schedules, no objection has been filed to its claim, and it is deemed allowed at this juncture. 11 U.S.C. § 502(a). It is to be noted that a creditor of one of the partner's estates is by statute a party in interest who may object to the claim in the partnership's case. *Id.*

Next in time are Richard Pue, Everett Moser, and Thurmont Cooperative, Inc., respectively, by virtue of their judgments in Frederick County. Their status is the same as Tregoning, Mullinix and the Williams, namely, they have only unsecured claims against the partnership and the partners which are subsumed in the partnership trustee's claims against the partners.

Wilmer and Joyce Hostetter are the secured creditors next in priority after Dickerson Land Company by virtue of their judgment against Evelyn, Austin and his wife Genevieve, and Earl and his wife Ethel entered October 29, 1987 in the Circuit Court of Frederick County. Because the judgment names the partners' spouses, the judgment lien is effective against the Frederick County properties which are owned as tenants by the entireties. The Hostetters are entitled to collect their claim from the restored proceeds of the sale of Evelyn's Frederick County property and from liquidation of one or more of the other

Frederick County properties, as necessary. Further, because they are joint creditors of Austin and Genevieve Kelly, they are entitled to have the trustee administer Austin and Genevieve's one-half interest in the Ocean City residence, on which they do not have a lien, as may be necessary to satisfy their claim as an unsecured claim.

The claims of Eddie Mercer, Inc. and Franklin and Bessie Gladhill are also unsecured, despite their judgments against the partnership and individual partners entered in the Circuit Court of Frederick County, for the same reasons the claims of Tregoning, Mullinix and the Williams are unsecured. The final judgment creditor is Frank Winne and Sons, Inc. by virtue of a judgment against the partnership, Evelyn and Austin entered in the District Court of Frederick County. Not only does this judgment suffer the same infirmities as to security as other judgments against the partnership and against individual partners but not their spouses, there is no evidence that the judgment was recorded in the appropriate land records. Consequently, Winne and Sons has only unsecured claims. Md. Rule 2–621(c).

Finally, there are the tax claims of the Internal Revenue Service as to which notices of tax liens were filed in Frederick County only in 1988 and early 1989 against the partnership, Evelyn, Earl and Austin. The claim against the partnership would appear unsecured because no unencumbered collateral remains. 11 U.S.C. § 506(a). The tax lien would appear to have attached to Evelyn's Kelly's Frederick County property, and thus to the proceeds restored to her estate. However, the tax liens against Austin and Earl individually do not appear on their face to have attached to Austin's and Earl's entireties property. As between Dickerson and the Hostetters on the one hand and the IRS on the other, equitable principles of marshalling, by analogy, may require Dickerson and the Hostetters to resort to entireties property of Austin or Earl if it would enable the tax lien on Evelyn's property to be satisfied in whole or in part. This issue is not resolved here, however, and there may be a qualitative difference between the claims of Dickerson and the Hostetters and of the IRS, because the IRS has asserted claims in differing amounts against each of the estates.

A final consideration is the impact of statutory exemptions claimed by the individual debtors on the distribution scenarios discussed above. Individuals may not assert an exemption to defeat the consensual liens. Md.Cts. & Jud.Proc.Code Ann. § 11–507 (1989 Repl.Vol.); *Matter of Kapp*, 69 B.R. 652, 654 (D.Md.1987). However, a judgment lien may be avoided to the extent that it impairs an exemption by a motion brought by a debtor under 11 U.S.C. § 522(f)(1). Bankr.Rules 4003(d), 9014, 7004. No such motion is presently pending, but one may be prompted by the principles of distribution enunciated here. Further, exemptions are always available to protect exemptible assets from unsecured claims.

### III. Summary.

For these reasons, an order is being entered which modifies the partnership trustee's proposed distribution by approving his proposed distributions to F & M and Manna Pro, but denying his proposed distributions to Tregoning and Mullinix whose claims are unsecured under 11 U.S.C. § 506(a). The order will require instead distribution to the trustee for the estates of Evelyn and Earl Kelly in proportion to their previous distributions on account of F & M's claim.

Manna Pro's motions for relief from stay will be denied as to the Frederick County entireties property of Austin and Earl. Relief will be granted, however, as to Austin's interest in the Ocean City property, but only if it is necessary to satisfy Manna Pro's secured claim after distribution of restored proceeds from the sale of Earl's Arcola Avenue property in Montgomery County, which was previously authorized. Further, relief may be delayed if the trustee undertakes to sell property to pay any balance owed Manna Pro.

Which of the remaining entireties properties should be liquidated first to satisfy joint claims, consistent with this opinion,

may depend on equitable considerations, outstanding claim balances, and exemptions claimed. Further, it is likely the trustee may be able to realize a higher sale price from a market sale than a creditor would receive at a foreclosure sale. Therefore, the Hostetter's motions to lift the stay will be denied, but the trustee for the partners will be authorized to sell property held in a tenancy by the entirety as necessary to satisfy their claim. The trustee will be directed to submit a recommendation and equitable justification for the order of sale of the entireties properties, including the Ocean City property.